PETER P. EDRINGTON, ESQ. (Bar No. 074355)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Blvd., Ste 450
Pleasant Hill, CA  94523
Telephone:  (925) 827-3300

Attorney for Defendants, C. WILSON
and BAY AREA RAPID TRANSIT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODOM, a minor, by and through his Guardian ad Litem, Roxanne Hendrix,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C. WILSON, individually, and in his capacity as an employee of Bay Area Rapid Transit District; BAY AREA RAPID TRANSIT DISTRICT, AND DOES 1-10; PEACE OFFICERS WHOSE NAMES ARE UNKNOWN,<br><br>　　　　Defendants. | CASE NO.: C 07-04992 TEH<br><br>DEFENDANTS' ANSWER TO COMPLAINT OF PLAINTIFF |

　　COME NOW, defendants C. WILSON, and the BAY AREA RAPID TRANSIT DISTRICT, and answer plaintiff's Complaint for Damages filed on September 26, 2007, as follows:

　　1.　Answering Paragraph Number One, defendants lack sufficient information and belief to admit said allegations and therefore deny them.

ANSWER TO COMPLAINT

1

2. Answering Paragraph Number Two, defendants admit that Officer C. Wilson was employed by Bay Area Rapid Transit as a peace officer on or about May 25, 2007. Answering defendants deny the rest and remainder of all allegations set forth in Paragraph Number Two.

3. Answering Paragraph Number Three, defendants admit the allegations in this paragraph are true.

4. Answering Paragraph Number Four, defendants admit the allegations in this paragraph are true.

5. Answering Paragraph Number Five, defendants admit that plaintiff is invoking pendant jurisdiction; allegations of unreasonable force and unlawful detention are denied.

6. Answering Paragraph Number Six, defendants admit that plaintiff has apparently timely filed his Tort Claim with the District.  Defendants further respond that any internal investigation conducted Bay Area Rapid Transit District, and any opinion arising therefrom, are immaterial to this case.

7. Answering Paragraph Number Seven, defendants deny each and every allegation of Paragraph Number Seven.

8. Answering Paragraph Number Eight, defendants deny each and every allegation of Paragraph Number Eight.

9. Answering Paragraph Number Nine, defendants admit that Bay Area Rapid Transit is a political subdivision of

the State of California. Defendants further deny that police officers injured plaintiff, as alleged.

10. Answering Paragraph Number Ten, defendants admit that Officer Wilson was acting within the course and scope of his employment on May 25, 2007. Defendants deny that officers injured plaintiff, as alleged.

11. Defendants hereby incorporate their responses to Paragraph Numbers One through Ten to this Complaint, as if fully set forth herein.

12. Answering Paragraph Number Twelve, defendants lack sufficient information to admit said allegations and therefore deny them. Defendants deny that plaintiff advised the ticket agent that he had lost his ticket, and deny that the station agent had given him permission to exit the station.

13. Answering Paragraph Number Thirteen, defendants deny each and every allegation set forth herein, except as follows: Officer Wilson did attempt to obtain identification from plaintiff prior to issuing a citation for fare evasion. Officer Wilson detained plaintiff in order to obtain his identification. Plaintiff was loud and verbally evasive to Officer Wilson. Officer Wilson did employ physical force, including one blow, to take the plaintiff to the ground, and to place him in handcuffs.

ANSWER TO COMPLAINT

3

14. Answering Paragraph Number Fourteen, defendants deny each and every allegation as set forth herein.
15. Answering Paragraph Number Fifteen, defendants deny each and every allegation as set forth herein.
16. Answering Paragraph Number Sixteen, defendants lack sufficient information to admit said allegations and therefore deny them.
17. Answering Paragraph Number Seventeen, defendants deny each and every allegation as set forth herein.
18. Answering Paragraph Number Eighteen, defendants deny each and every allegation as set forth herein.
19. Answering Paragraph Number Nineteen, defendants deny each and every allegation as set forth herein.
20. Answering Paragraph Number Twenty, defendants hereby incorporate their responses to Paragraph Numbers One through Nineteen to this Complaint, as if fully set forth herein.
21. Answering Paragraph Number Twenty-One, defendants deny each and every allegation as set forth herein.
22. Answering Paragraph Number Twenty-Two, defendants hereby incorporate their responses to Paragraph Numbers One through Twenty-One to this Complaint, as if fully set forth herein.
23. Answering Paragraph Number Twenty-Three, defendants deny each and every allegation as set forth herein.

24. Answering Paragraph Number Twenty-Four, defendants hereby incorporate their responses to Paragraph Numbers One through Twenty-Three to this Complaint, as if fully set forth herein.

25. Answering Paragraph Number Twenty-five, defendants deny each and every allegations as set forth herein.

## AFFIRMATIVE DEFENSES

## QUALIFIED IMMUNITY

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendants allege that they, as public employees, are immune under the common law doctrine of qualified immunity.

## FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's Complaint fails to state a cause of action against said defendants.

## STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff's causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

## PLAINTIFFS' COMPARATIVE NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants deny any wrongdoing, negligence, or liability on their part. However, should it be determined that defendants are liable, then defendants further allege that

plaintiff also contributed to his own injuries and losses, if any there were, and by virtue of the decision in the case of <u>Li v. Yellow Cab Company</u> (1975) 13 Cal.3d 804, defendants asks that any judgment entered against them be proportionally reduced to the extent that plaintiff's own negligence proximately contributed to his own injuries and/or losses, if any there were.

### FAILURE TO MITIGATE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize his damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that he might reasonably have made.

### PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the acts set forth in the Complaint are privileged.

### NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff has not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

### LAWFUL DETENTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the plaintiff was detained as

the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of his duties.

### LACK OF MALICIOUS INTENT

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants assert that they did not act with malicious intent to deprive any person of any constitutional right or to cause any other injury and therefore are not liable.

### DISCRETIONARY IMMUNITY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants assert they are not liable to plaintiff for any injury or damages, if there were any, caused by an exercise of discretion.

### PLAINTIFF'S NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants assert that to the extent that plaintiff suffered any injury it was the result of his own negligent or deliberate actions.

### ELEVENTH AMENDMENT

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendants allege that they are immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the United States.

### GOVERNMENT CODE SECTION 900, ET SEQ.

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the

Complaint, defendants allege that plaintiff's Complaint exceeds the scope of his claim, both in respect to parties, theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to Government Code Section 900, et seq.

### PUNITIVE DAMAGES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants are immune from claims for punitive damages, pursuant to California Government Code Section 818, and under federal law.

### ABSENCE OF DISCRIMINATION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff has not suffered discrimination based upon his race, or for any reason or cause, or at all, as herein alleged.

### NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff has not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

### CALIFORNIA GOVERNMENT CODE IMMUNITIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that all defendants are immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code sections 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2.

**WILLFUL CONTRIBUTORY NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiff was himself willfully careless and negligent in and about the matters alleged in the Complaint and that said willful carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the accident and to the injuries and to the loss and damages complained of, if any there were.

**PRAYER**

WHEREFORE, defendants prays for relief as follows:

1. That plaintiff take nothing by this action;

2. That plaintiff's prayer for costs and attorney's fees be denied;

3. That plaintiff be ordered to pay defendants' attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED: January 2, 2008          EDRINGTON, SCHIRMER & MURPHY


By_____
    PETER P. EDRINGTON, ESQ.
    Attorneys for Defendants
    BAY AREA RAPID TRANSIT
    DISTRICT AND OFFICER C. WILSON

**JURY DEMAND**

Defendants hereby request a jury trial in this action.

ANSWER TO COMPLAINT