Wayne Johnson, SBN: 112588
Law Offices of Wayne Johnson
P.O. Box 19157
Oakland, CA 94619
(510) 451-1166

Attorney for Plaintiffs

Peter P. Edrington, SBN: 074355
Edrington, Schirmer & Murphy
2300 Contra Costa Blvd., #450
Pleasant Hill, California 94523
(925) 827-3300

Attorneys for Defendants
C. Wilson and BART

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM ODOM, ET AL., , | CIVIL NO.: C07 04992 EMC | |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT [PROPOSED] | |
| v. | | |
| C. WILSON, et al., | DATE:   January 2, 2008 TIME:   2:00 P.M. CTRM:  C, 15TH FL. | |
| DEFENDANTS. | | |
| _____/ | | |

Pursuant to Civil L.R. 16-8,  lead counsel for the parties to this action [HAVE NOT] met and conferred for the purposes specified in Fed.R.Civ.P. 26(f) and ADR LR 3-5. The parties request that the Court adopt this Joint Case Management Statement as the initial Case Management Order in this case.

Defendants have not responded to the complaint.

///

JOINT CASE MANAGEMENT STATEMENT -    **1**

# I.  DESCRIPTION OF THE CASE

Plaintiff's Brief Description of Action.

This is a civil rights action brought pursuant to Title 42 U.S.C. Section 1981 and 1983. This action is brought against C. Wilson and unknown individual defendants, employees of the Bay Area Rapid Transit District.  Jurisdiction of this case is pursuant to the First, Fourth, and Fourteenth Amendments to the Constitution of the United States

STATEMENT OF FACTS

Plaintiff's Brief Summary of The Facts.

On or about May 25, 2007, in Pittsburg, California, Plaintiff, a 16 year old male on his way from school lost his BART ticket when he fell asleep on the train.   When he existed the station told the station agent he had lost his ticket and he mistakenly believed she waived him through the exit gate.

The ticket agent alerted Officer C. Wilson, who detained Plaintiff, who was waiting for a bus outside the BART station, based upon an alleged BART fare evasion.   After a brief conversation with the young man, Officer C. Wilson ordered the Plaintiff to place his hands behind his back, as if to place him in handcuffs.  Officer C. Wilson then proceeded to search the Plaintiff.  The Plaintiff protested being searched and inquired why he was being searched and detained.  Officer C. Wilson forced the Plaintiff's hands up towards his shoulders and this motion caused an unexpected pain, which resulted in the Plaintiff attempting to bring his hands back down.  Officer C. Wilson then punched the Plaintiff in the face, knocking him to the ground.  While the Plaintiff was on the ground Officer C. Wilson continued to pummel plaintiff with blows to the head.  After C. Wilson placed Plaintiff in handcuffs, he used his knee to drive Plaintiff's head into the pavement.

Initially, C. Wilson charged Plaintiff with only fare evasion and he contacted Plaintiff's mother to tell her he was citing her son and releasing him.   While Plaintiff was witing for his mother he asked to use the restroom.  Officer C. Wilson and an unnamed Sergeant at BART refused to allow Plaintiff any privacy to use the restroom.

When Roxanne Hendrix, Plaintiff's mother arrived and observed the condition of Plaintiff, she ask C. Wilson why it was necessary to use such force on her son, he replied: "[B]ecause your son is a punk!"  At that time, and after consulting with others, officer C. Wilson issued a separate ticket  to the minor for delay, resisting, and obstructing an Officer, California Penal Code Section 148.

Defendants' above-described conduct, and particularly the unreasonable seizure of plaintiffs, violated plaintiffs' rights pursuant to 42 U.S.C. §1983 under the First Amendment,  the Fourth Amendment, the Fourteenth Amendment, applicable to the states under the Fourteenth Amendment to the United States Constitution.

Defendants' above-described conduct, and particularly the acts and omissions of those defendants and maltreatment of the plaintiff, violated plaintiff's rights under the First, Fourth and Fourteenth Amendments, applicable to the states under the Fourteenth Amendments to the United States Constitution.

Defendants' above-described conduct, and particularly the acts and omissions of those defendants involved in the unlawful seizure of plaintiffs, constitutes a policy and custom of certain employees of the BART police department who have a practice of applying unreasonable force to citizens and failing to supervise officer who use unreasonable force.

Defendants' above-described engaged in conduct that was malicious, oppression, and in reckless disregard of plaintiff's Constitutional rights.

.Defendant's Brief Summary of The Facts.

Unknown.  BART has not made its position clear.  Officer C. Wilson shall be represented by another law office.    The time for filing a response was December 3, 2007.  On December 11, 2007, Plaintiffs' attorney contact the Office of BART's General Counsel and was told that they were hiring a private firm to handle this case and they would contact me by December 12, 2007.   After BART hired the Edrington, Schirmer & Murphy, Mr. Edrington contacted plaintiff's attorney and represented Officer C. Wilson would be represented by Dale Allen of Low Ball & Lynch.

JOINT CASE MANAGEMENT STATEMENT -    **3**

## II.  DISPUTED FACTUAL ISSUES

**The principal factual issues that the parties dispute are:**

a.      Unkown.

## III.     DISPUTED LEGAL ISSUES:

**The principal legal issues that the parties dispute are:**

a.      Unknown.

## IV.  ALTERNATIVE DISPUTE RESOLUTION

The Plaintiff is agreeable to a Settlement Conference before a Magistrate Judge.

## V.  DISCLOSURES

The parties certify that they have made or will make the following disclosures: The parties will comply with the initial document disclosure obligations under Fed.R. Civ.P. 26(a)(1)(B). Plaintiff and defendants shall exchange their Rule 26(a)(1)(A) lists of persons with knowledge of facts, initial document disclosures pursuant to Rule 26(a)(1)(B), no later than thirty (30) days after entry of this Order.  Plaintiff shall serve a statement of damages, with supporting documentation pursuant to Rule 26(a)(1)(C) no later than fifteen (15) days after entry of this Order.

**A.      Plaintiffs' Disclosure of Witnesses:**

As to the following persons who may have witnessed some or all of the events alleged in plaintiffs' complaint, Plaintiffs disclose the identities of the following persons whose addresses and telephone numbers.

1.      William Odom, a minor; His address and telephone number is available through his attorney, Wayne Johnson.

2.      Roxanne Hendrix; 1989 Tyler Street, San Pablo, California 94806. WITNESS TO INJURIES AND STATEMENTS OF DEFENDANTS.

3.      Darius Smith, A Minor, 5225 McByide Apt. 1, Richmond, California 94805. WITNESS TO INCIDENT.

4.      M.D., treating physician KAISER FOUNDATION HOSPITAL, RICHMOND, CALIFORNIA.

5.    KWELI TUTASHINDA, DC, IMHOTEP CHIROPRACTIC AND WELLNESS CENTER, 3358 ADELINE STREET, BERKELEY, CALIFORNIA, TREATING CHIROPRACTIC DOCTOR.

6.    JOHN T. ROUSE, 519 – 17TH STREET, OAKLAND, CALIFORNIA, Treating Psychologist.

7.    THE NAMES OF THE POLICE OFFICERS SHALL BE MADE AVAILABLE BY THE DEFENDANTS. CUSTODIAN OF RECORDS

8.    CUSTODIAN OF RECORDS, KAISER FOUNDATIONAL HOSPITAL, RICHMOND, CA

9.    BAY AREA RAPID TRANSIT DISTRICT OFFICER MOST KNOWLEDGEABLE in detaining juveniles on suspected fare evasion.  Bay Area Rapid Transit District, 800 Madison Street, Oakland, CA

10.   BART Training Commander, 800 Madison Street, Oakland, CA

**B.    Defendant's Disclosure of Witnesses:**

1.    Unknown.

**C.    Plaintiffs' Disclosure of Documents:**

Plaintiffs also disclose the following documents which Plaintiffs shall have in their possession.

**UNPRIVILEGED RECORDS:**

1.    Police Records and Reports in the possession of the Defendant.

2.    AMR Ambulance records

3.    Kaiser Hospital Records

4.    BART Police Records

5.    Psychologist Records

6.    Photographs of the injuries and the scene of the incident.

**D.    Defendant's Disclosure of Documents:**

1.  Unknown

**E.**     In order to promote judicial efficiency and avoid wasted time, Plaintiff proposes a simultaneous, mutual exchange of the above information.  Plaintiff believes this would be more efficient than pursuing formal discovery requests.

## V.  DISCOVERY

The parties have not met and conferred pursuant to FRCP Rule 26(f).  Plaintiff proposes the following discovery plan.

**A.     <u>Initial Discovery Plan</u>**

1.     Plaintiffs initially expect to depose C. Wilson and any other percipient witnesses.

2.     The parties expect that each side will depose up to ten individuals, exclusive of expert witnesses.

3.     The parties shall meet and confer about the scheduling of any independent medical examination.

4.     A maximum number of 25 (twenty-five) Interrogatories by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.

5.     A maximum number of 25 (twenty-five) Requests for Admission by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.

6.     A maximum number of 25 (twenty-five) Requests for Production of Documents or Tangible Items by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.  This limitation includes requests made as part of any deposition notice.

11.     Plaintiff requests that the total number of discovery requests shall not exceed 75, and it shall not include subparts, for all plaintiffs and / or all defendants  without additional court order.

**B.**     Benchmark Dates:

## VI.  TRIAL DATE

The Pretrial Conference shall be held October 2008.  The **trial shall commence on Beginning of December 2008** and is expected to last five to seven court days.

FILINGS AND SERVICE OF PLEADINGS AND COURT DOCUMENTS

Pursuant to Civil L.R. 5-3, the parties hereby stipulate that service copies of papers due to be filed with the Court may be served by facsimile on the due date for the filing, and the court filing effected by sending an "original" via ECF to the Office of the Clerk, United States Courthouse, so long as plaintiff's attorney provides his facsimile number to defendant's attorney.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

**Pursuant to Civil L.R.16-6, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.**

DATED:  January 16, 2008            LAW OFFICES OF WAYNE JOHNSON

                                    S/
                                    _____
                                    WAYNE JOHNSON
                                    Attorneys for Plaintiffs


DATED:              , 2008          OFFICE OF

                                    _____/S/_____


_____

ORDER

Good cause appearing, the Court hereby adopts the foregoing as the Case Management Order governing this case.



IT IS SO ORDERED.

Dated: January     , 2008           _____

                                    UNITED STATES DISTRICT COURT

                                    JUDGE  / MAGISTRATE JUDGE


JOINT CASE MANAGEMENT STATEMENT -    **7**