PETER P. EDRINGTON, ESQ. (Bar No. 074355)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Blvd., Ste 450
Pleasant Hill, CA  94523
Telephone:  (925) 827-3300

Attorney for Defendants, C. WILSON
and BAY AREA RAPID TRANSIT DISTRICT


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| WILLIAM ODOM, a minor, by and through his Guardian ad Litem, Roxanne Hendrix,<br><br>    Plaintiff,<br><br>v.<br><br>C. WILSON, individually, and in his capacity as an employee of Bay Area Rapid Transit District; BAY AREA RAPID TRANSIT DISTRICT, AND DOES 1-10; PEACE OFFICERS WHOSE NAMES ARE UNKNOWN,<br><br>    Defendants. | CASE NO.: C 07-04992 TEH<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT [PROPOSED]**<br><br>Date: January 28, 2008<br>Time: 1:30 p.m.<br>Ctrm: 12, 19th Floor |

    Pursuant to Civil L.R. 16-8, lead counsel for the parties to this action have not prepared a Joint Case Management Statement, although there is agreement on virtually all discovery issues, for reasons set forth below.  BARTD requests that the court adopt this Proposed Case Management Statement as the initial Case Management Order, until new counsel for Officer C. Wilson formally assumes his defense.  This is expected within the next

1
DEFENDANTS' CASE MANAGEMENT STATEMENT

few days; the Substitution of Attorneys has been prepared. In the alternative, BARTD respectfully request that this matter be continued until successor counsel may fully and knowledgeably participate.

An Answer has been filed on behalf of BARTD and Officer C. Wilson. Attorney Dale Allen of Low, Ball & Lynch has been retained to represent the officer. Plaintiff's counsel has agreed that it would make sense for all concerned to continue the Case Management Conference, so that Mr. Allen would have the opportunity to join in the preparation of a Joint Statement. We advised plaintiff's counsel that the parties would be required to enter into a Stipulation to that effect; plaintiff's counsel declined. Thus, BARTD's Statement reflects primarily BARTD's point of view.

1. Jurisdiction and Service

The court has jurisdiction over plaintiff's claims under 42 USC 1983 and pendant state claims.

2. Facts

On May 25, 2007, Officer Wilson was on uniform patrol at the Pittsburg BARTD Station. He was advised by the station agent that William Odom had walked out of the emergency exit gate without processing a ticket. This is in violation of Penal Code Section 640 (b)(1). The station agent called after Mr. Odom who simply walked away from her.

Officer Wilson responded to the scene, and observed Mr. Odom sitting on a bench. Mr. Odom explained that he did not have a

ticket nor money to pay for one. The officer explained that Mr. Odom was required to have a ticket at all times.

When told by Mr. Odom that he had no identification, the officer attempted to search Mr. Odom for identification and any weapons. Mr. Odom refused to cooperate with the officer, even when told to "stop resisting". The officer attempted several maneuvers, including leg sweeps, and a distraction blow to the plaintiff's neck to get him to the ground. After several attempts, plaintiff was taken to the ground where he was handcuffed. The officer leaned over the plaintiff, applying minimal pressure to the plaintiff's back and neck area, to facilitate the placing of the handcuffs. At the time, the officer believed that plaintiff was approximately 18 to 19 years old.

3. Legal Issues

The principle legal issues that the parties dispute are:

a. whether any constitutional right of plaintiff was violated under 42 USC 1983;

b. whether plaintiff violated Penal Code Section 640(b)(1);

c. whether plaintiff violated Penal Code Section 148(a)(1);

d. whether defendant is entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194, 201 (2001) and Anderson v. Creighton 483 U.S. 635, 640 (1987) and Boyd v. Benton Co. 374 F.3d 773, 781 (9th Cir. 2004);

e. whether any liability may attach to BARTD under 42 USC 1983;

1      f.   whether Officer Wilson committed battery on plaintiff.
2          See Ashcraft v. King, 228 Cal.App. 3d 604, 611 (1991);
3      g.   whether Officer Wilson falsely arrested and/or imprisoned
4          plaintiff;
5      h.   whether plaintiff can recover punitive damages against a
6          public entity.  See City of Newport v. Fact Concerts
7          (1981) 453 U.S. 247 and California Government Code Section
8          818;
9      i.   whether plaintiff's arrest was lawful;
10     j.   whether Officer Wilson is entitled to immunity under state
11         law for the state causes of action;
12     k.   whether Officer Wilson acted with malicious intent in
13         arresting plaintiff;

14  **4.  Motions**
15     There are no pending motions.

16  **5.  Amendment of Pleadings**
17      It is anticipated that when successor counsel for Officer
18  Wilson appears, he may wish to amend the Answer and Affirmative
19  Defenses which have been filed in his client's behalf.

20  **6.  Evidence Preservation**
21      Defendant BARTD will preserve any evidence relevant to the
22  issues reasonably evidenced in this action.

23  **7.  Disclosures**
24  **A.  Defendants' Disclosure of Documents**
25     Defendant will provide plaintiff with a copy of the Police
26     Report.

In order to promote judicial efficiency, plaintiff and defendants agree to a simultaneous, mutual exchange of all documents. The parties will produce these initial documents pursuant to Rule 26(a)(1)(B) no later than thirty (30) days after the entry of this Order.

B.  <u>Defendants' Disclosure of Witnesses</u>

    1.  Officer C. Wilson, BARTD Police
    2.  Sergeant Macaulay, BARTD Police
    3.  Officer K. Garner, BARTD Police
    4.  BARTD Station Agent Debbie Ingram
    5.  Officer W. Maloney, BARTD Police
    6.  Lt. Conneely, BARTD Police

8.  <u>Discovery</u>

No discovery has taken place to date. BARTD has just appeared, and successor counsel will appear shortly.

Defendant BARTD proposes the following discovery plan:

1.  BARTD will take the depositions of William Odom, Roxanne Hendrix, and other percipient and expert witnesses, including Darius Smith, the treating physician at Kaiser Hospital, Richmond, Kweli Tutashinda, and John T. Rouse, the custodian of records of Kaiser Foundational Hospital, Richmond CA; additional witnesses as yet unknown to BARTD may be deposed as well.

2.  The parties agree that each side will depose up to ten individuals, exclusive of expert witnesses.

3.  An independent medical examination may be scheduled of plaintiff.

4.   The parties agree that a maximum number of twenty-five (25) Interrogatories by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.

5. The parties agree that a maximum number of twenty-five (25) Requests for Admission by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.

6.   The parties agree that a maximum number of five Requests for Production of Documents by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.  This limitation would include requests made as part of any deposition notice.

7.   Defendants request that the total number of discovery requests shall not exceed fifty-five (55), and shall be propounded pursuant to the Federal Rules of Civil Procedure.

9.   Class Action

This is not a class action suit.

10.   Related Cases

There are no related cases.

11.   Relief

Plaintiff is seeking recovery of money damages for injuries allegedly sustained when he was subdued and arrested by Officer Wilson.  He also seeks damages for violation of his federal constitutional and rights under state law.  Damages should be calculated, if awarded, on the basis of plaintiff's injuries,

which are diminimus.  If plaintiff alleges psychological injury, damages should be restricted to only those issues which plaintiff can prove up as having been directly caused by the subject incident, and not broadly based "need for therapy".

12. Settlement and ADR

Defendant BARTD is willing to proceed to a Magistrate Judge for a Settlement Conference as soon as such conference may be scheduled.

13. Consent to Magistrate Judge For All Purposes

Defendant BARTD declines to consent to a Magistrate Judge to conduct all further proceedings.

14. Other References

N.A.

15. Narrowing of Issues

Such issues are not evident at this time, but will certainly be explored through discovery and investigation.

16. Expedited Schedule

This does not appear to be the kind of case that can be handled on an expedited basis.

17. Scheduling

Defendant BARTD proposes the following:

Trial Date:   January, 2009

Pre-Trial :   December 2008

Expert discovery cutoff:   October 2008

Discovery cutoff:    September 2008

18. Trial

1  This case will be tried to a jury.

2  19.  Disclosure of Non-party Interested Entities or Persons

3  Neither party has filed a Certification of Interested
4  Entities or Persons, as none is yet evident.

5  20.  Referral to Early Settlement Discussions

6  Defendant BARTD requests referral to early settlement
7  discussions.

8  DATED: January 17, 2008          EDRINGTON, SCHIRMER & MURPHY

10                                   By_____
                                        PETER P. EDRINGTON, ESQ.
11                                      Attorneys for Defendants
                                        BAY AREA RAPID TRANSIT
12                                      DISTRICT AND OFFICER C. WILSON

8
DEFENDANTS' CASE MANAGEMENT STATEMENT