1  PETER P. EDRINGTON, ESQ. (Bar No. 074355)
   EDRINGTON, SCHIRMER & MURPHY
2  2300 Contra Costa Blvd., Ste 450
   Pleasant Hill, CA  94523
3  Telephone:  (925) 827-3300

4  Attorney for Defendants, C. WILSON
   and BAY AREA RAPID TRANSIT DISTRICT

5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 WILLIAM ODOM, a minor, by and    ) CASE NO.: C 07-04992 TEH
   through his Guardian ad Litem,   )
11 Roxanne Hendrix,                 )
                                    )
12        Plaintiff,                ) **DECLARATION TO DEFENDANTS'**
                                    ) **CASE MANAGEMENT STATEMENT**
13 v.                               )
                                    )
14 C. WILSON, individually, and     ) Date:  January 28, 2008
   in his capacity as an employee   ) Time:  1:30 p.m.
15 of Bay Area Rapid Transit        ) Ctrm:  12, 19th Floor
   District; BAY AREA RAPID         )
16 TRANSIT DISTRICT, AND DOES 1-    )
   10; PEACE OFFICERS WHOSE NAMES   )
17 ARE UNKNOWN,                     )
                                    )
18        Defendants.               )
                                    )
19 _____

20        I, Peter P. Edrington, declare:

21        I am an attorney at law and a partner in the firm of

22 Edrington, Schirmer & Murphy, attorneys for the defendants in

23 this case.  If called as a witness I could competently testify to

24 the facts stated in this declaration.

25        In December, 2007, I was retained by Bay Area Rapid Transit

26 District to represent both the District and Officer C. Wilson.

                                    1

As the deadline to file the responsive pleading was upon us, I received information from BARTD which suggested that there was a conflict of interest in our firm representing both the District and the officer.  I immediately notified BARTD and its TPA.  At that time, the responsive pleading to the Complaint came due and I prepared an Answer with affirmative defenses on behalf of both parties, BARTD and Officer Wilson.  It was filed with the court on January 2, 2008.

In the week of January 7, 2008, I had a telephone conversation (or two) with plaintiff's counsel soliciting a settlement demand and discussing an early settlement conference. I advised plaintiff's attorney that an apparent conflict had arisen and that Officer Wilson would soon be obtaining new counsel.  As I waited for new counsel to be retained, I fully expected that this attorney would participate in preparing the Joint Statement.  However, it was not until January 14, 2008, that I was advised of the new attorney's identity, Dale Allen.  I immediately contacted Mr. Allen by telephone and email stating that a Substitution would have to be filed.  I have not yet been able to meet with Mr. Allen to execute the requisite Substitution of Attorneys and discuss the case with him.

On January 15, 2008, I suggested to plaintiff's counsel that it would be beneficial to all of us if the Case Management Conference set for January 28th were continued so that Mr. Allen could appear for Officer Wilson.  Plaintiff's counsel indicated that he agreed with this position.  My secretary contacted the

DECLARATION IN SUPPORT OF DEFENDANTS' CASE MANAGEMENT STATEMENT

court's clerk to inquire as to how we might obtain a continuance. She was advised that the parties would have to file a Stipulation with the court.  However, when I explained to plaintiff's counsel that it would be necessary to enter into a Stipulation regarding a continuance, he declined.  On January 17th, we received plaintiff's Case Management Statement, which was largely prepared before we even appeared in the case.  Unfortunately, plaintiff's counsel had used the wrong format, and he was unavailable on January 18th to correct it.

Thus, in order to meet the court's deadline, I prepared and filed a Case Management Statement on behalf of both defendants. However, with the advent of the conflict of interest, and the assignment of new counsel, we were unable to prepare a Joint Statement on behalf of all three parties, with Mr. Allen participating.

While BARTD understands this court's rules and works diligently to follow them, this was a circumstance where we were simply unable to produce a viable Joint Statement in time for the pending hearing.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 17th day of January, 2008 at Pleasant Hill, California.


_____

Peter P. Edrington