Wayne Johnson, SBN: 112588
Law Offices of Wayne Johnson
P.O. Box 19157
Oakland, CA 94619
(510) 451-1166

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODOM, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, ROXANNE HENDRIX, <br><br> PLAINTIFF, <br><br> v. <br><br> C. WILSON, INDIVIDUALLY, AND IN HIS CAPACITY AS AN EMPLOYEE OF BAY AREA RAPID TRANSIT DISTRICT, BAY AREA RAPID TRANSIT DISTRICT, AND DOES 1-10, PEACE OFFICERS WHOSE NAMES ARE UNKNOWN, <br><br> DEFENDANT. <br> _____/ | CIVIL NO: C07-04992 TEH <br><br> DECLARATION OF WAYNE JOHNSON IN RESPONSE TO EDRINGTON'S DECLARATION RE CMC <br><br><br> DATE: January 28, 2008 <br> TIME: 1:30 P.M. <br> CTRM: 12, 19TH FL |

I Wayne Johnson declare:

1. I am the attorney for Plaintiff, WILLIAM ODOM, By And Through his guardian Ad Litem, Roxanne Hendrix.

2. These are corrections to Mr. Edrington's representations relating our conversations regarding the proposed Joint CMC Statement.

3. C. Wilson and BART were served in November 2007 and a declaration of service executed was filed by the Federal Marshall on November 19, 2007.

DECLARATION OF WAYNE JOHNSON RE CMC        - 1 –

4. The time for responding to the summons and complaint is 20 days.

5. I personally contacted BART after the initial 20 day period for responding had elapsed and before Mr. Edrington appeared on behalf of BART or C. Wilson and agreed to allow them an additional week to respond to the complaint.

6. When Mr. Edrington's firm was retained, a person holding herself out as Mr. Edrington's assistant contacted me and requested, on Mr. Edrington's behalf, a continuance.

7. I agreed to allow Defendants until January 2, 2008 to respond.

8. Mr. Edrington's assistant then stated she would file an objection to the Magistrate in order to remove the previous, January 2, 2008, CMC from the calendar, which would allow Defendant's additional time to prepare for the CMC.

9. Meanwhile, Mr. Edrington did contact me and request a demand from Plaintiff.

10. I was not in a position to make a demand because I understand the Plaintiff had not been provided all of his reports and bills.

11. It was not until the deadline for filing the CMC Statement neared, and I made attempts to contact Mr. Edrington to discuss the CMC, that he informed me that he had a conflict of interest in representing C. Wilson and BART.

12. About that time, he requested a further continuance to allow Dale Allen to substitute in for C. Wilson.

13. What I told Mr. Edrington's secretary, because I never had a conversation with Mr. Edrington, was I would not object if he requested a continuance from the court to secure counsel for C. Wilson, meaning I would file a Declaration of Non-Opposition.

14. I never represented to him I wanted a stipulation, that I agreed to a continuance, or that I stipulated to a continuance.

15. I represented to Mr. Edrington that I would be available until January 17, 2007, to discuss the issues to be raised in the CMC, and that I would be out of town until January 21, 2008, Martin Luther King, Jr.'s Birrthday, a federal holiday.

16. I pressed Mr. Edrington for his position on all the issues to be considered in the CMC Statement. Apparently he was not in a position to discuss the issues at that time.

DECLARATION OF WAYNE JOHNSON RE CMC    - 2 –

However, I made a diligent effort to meet and confer with him before the time for submitting the statement elapsed.

    I have personal knowledge of the facts contained herein and am competent to testify as to all the issues herein. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

                                        _____
                                        By: WAYNE JOHNSON
                                        Attorney for Plaintiff

DECLARATION OF WAYNE JOHNSON RE CMC    - 3 –