1  PETER P. EDRINGTON, ESQ. (Bar No. 074355)
   EDRINGTON, SCHIRMER & MURPHY
2  2300 Contra Costa Blvd., Ste 450
   Pleasant Hill, CA   94523
3  T:   (925) 827-3300
   F:   (925) 827-3320
4  Attorney for Defendant, BAY AREA RAPID TRANSIT DISTRICT

5  DALE L. ALLEN, JR. ESQ. (Bar No. 145279)
   LOW BALL & LYNCH
6  505 Montgomery Street, 7th Floor
   San Francisco, CA   94111-2584
7  T:   (415) 981-6630
   F:   (415) 982-1634
8  Attorney for Defendant, OFFICER C. WILSON

9  Wayne Johnson, Esq. (Bar No. 112588)
   LAW OFFICES OF WAYNE JOHNSON
10 P.O. Box 19157
   Oakland, CA   94619
11 T:   (510) 451-1166

12 Attorney for Plaintiff WILLIAM ODOM

13

14                   UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17 WILLIAM ODOM, a minor, by and    )  CASE NO.: C 07-04992 TEH
   through his Guardian ad Litem,   )
18 Roxanne Hendrix,                 )
                                    )
19         Plaintiff,               )  **JOINT CASE MANAGEMENT**
                                    )  **CONFERENCE STATEMENT**
20 v.                               )
                                    )  Date:  March 10, 2008
21 C. WILSON, individually, and     )  Time:  1:30 p.m.
   in his capacity as an employee   )  Ctrm:  12, 19th Floor
22 of Bay Area Rapid Transit        )
   District; BAY AREA RAPID         )
23 TRANSIT DISTRICT, AND DOES 1-    )
   10; PEACE OFFICERS WHOSE NAMES   )
24 ARE UNKNOWN,                     )
                                    )
25         Defendants.              )
                                    )
26 _____

                        1
   JOINT CASE MANAGEMENT STATEMENT

1    The parties to the above-captioned action jointly submit

2  this Case Management Statement and Proposed Order and request the

3  Court to adopt it as its Case Management Order in this case.

4    This Case Management was continued to March 10, 2008, so

5  that C. Wilson's attorney could substitute into the case.  On

6  March 3, 2008, Dale Allen substituted into the case.  As of

7  today, Plaintiff's attorney and Dale Allen have not had any

8  discussions.

9    An Answer has been filed on behalf of BARTD and Officer C.

10  Wilson.   Attorney Dale Allen of Low, Ball & Lynch has been

11  retained   to   represent   OFFICER   WILSON.    A   Substitution   of

12  Attorneys  as  to  Officer  C.  WILSON  was  filed  on  March  3,  2008.

13  Attorney Peter P. Edrington of Edrington, Schirmer & Murphy has

14  been retained to represent BARTD.

15  1.  Jurisdiction and Service

16    The court has jurisdiction over plaintiff's claims under 42

17  USC 1983 and pendant state claims.

18  2.  Facts

19    On May 25, 2007, OFFICER WILSON was on uniform patrol at the

20  Pittsburg BARTD Station. It is defendants' position that: he was

21  advised by the station agent that William Odom had walked out of

22  the emergency exit gate without processing a ticket. This is in

23  violation of Penal Code Section 640 (b)(1). It is defendants'

24  position  that:  The  station  agent  called  after  Mr.  Odom  who

25  defendants claim simply walked away from her.

26  //

1    It is plaintiff's position that:  William Odom states that

2  he explained to the station agent that he lost his ticket on the

3  BART train and he believes she made a gesture that he interpreted

4  as permission to proceed through the exit gate, so he did.

5  William Odom denies that he heard the station agent call out to

6  him at any time.

7    OFFICER WILSON responded to the scene, and it is Defendants'

8  position that: He observed Mr. Odom sitting on a bench.  It is

9  plaintiff's position that:  Mr. Odom states that he was standing,

10  talking to his school friend who had ridden BART with him.  Mr.

11  Odom explained that he did not have a ticket nor money to pay for

12  one.   It is plaintiff's position that:   Williams Odom says he

13  told the officer he had purchased a BART ticket, that he fell

14  asleep on the train, that he lost his ticket on the train ride,

15  and that he would bring the money back after he got it from his

16  mother. It is Defendants' position that: The officer explained

17  that Mr. Odom was required to have a ticket at all times.  It is

18  plaintiff's position that:  William Odom denies the officer made

19  this statement.

20    Plaintiff alleges that:  William Odom told the officer he

21  had no identification because he had forgotten his identification

22  at school.  When told by Mr. Odom that he had no identification,

23  it is Defendants' position that:  the officer attempted to search

24  Mr. Odom for identification and any weapons. It is Defendants'

25  position that: Mr. Odom refused to cooperate with the officer,

26  even when told to "stop resisting". It is defendants' position

3

JOINT CASE MANAGEMENT STATEMENT

3

1  that: After several attempts, plaintiff was taken to the ground

2  where he was handcuffed. It is defendants' position that: The

3  officer leaned over the plaintiff, applying minimal pressure to

4  the plaintiff's back and neck area, to facilitate the placing of

5  the handcuffs.

6      It is plaintiff's position that:  William Odom denies that

7  Officer Wilson never failed to follow any of C. Wilson's requests

8  or that C. Wilson told Plaintiff to "stop resisting."

9      It is defendants' position that: The officer attempted

10 several maneuvers, including leg sweeps, and a distraction blow

11 to the plaintiff's neck to get him to the ground.

12     It is plaintiff's position that:  William Odom says the

13 officer told him to turn around, and he complied.  When he

14 verbally protested being searched over a BART ticket, Officer

15 Wilson punched him in the face, knocking him to the ground.

16     It is plaintiff's position that:  William Odom says he never

17 resisted.  He states he was not given an opportunity to resist or

18 comply.  Williams Odom states the officer applied maximum force,

19 including several blows to the head, body slam to the ground, and

20 applied his knee to the head of William Odom, grinding his face

21 into the concrete.

22     It is defendants' position that: At the time, the officer

23 believed that plaintiff was approximately 18 to 19 years old.

24     It is Plaintiff's position that:  William Odom denies he

25 looked 18 or 19.  In fact, he believes he could have passed for a

26 child of younger than 16.  He was a child of 16 years, about 5-7,

4

JOINT CASE MANAGEMENT STATEMENT

1  140 pounds, and who had no facial hair on the date of the

2  incident.

3      It is plaintiff position that:  According to Roxanne

4  Hendrix, when asked by Roxanne Hendrix why he, C. Wilson, beat

5  her son like that, his only response was: "because your son is a

6  punk."

7  3.  Legal Issues

8    The principle legal issues that the parties dispute are:

9    a.  whether any constitutional right of plaintiff was violated

10       under 42 USC 1983, i.e, freedom of speech or right to be

11       free of excessive police searches and seizures;

12   b.  whether plaintiff violated Penal Code Section 640(b)(1);

13   c.  whether plaintiff violated Penal Code Section 148(a)(1);

14   d.  whether defendant is entitled to qualified immunity.  See

15       Saucier v. Katz, 533 U.S. 194, 201 (2001) and Anderson v.

16       Creighton 483 U.S. 635, 640 (1987) and Boyd v. Benton Co.

17       374 F.3d 773, 781 (9th Cir. 2004);

18   e.  whether any liability may attach to BARTD under 42 USC

19       1983;

20   f.  whether Officer Wilson committed battery on plaintiff.

21       See Ashcraft v. King, 228 Cal.App. 3d 604, 611 (1991);

22   g.  whether Officer Wilson falsely arrested and/or imprisoned

23       plaintiff;

24   h.  whether plaintiff can recover punitive damages against a

25       public entity.  See City of Newport v. Fact Concerts

26

5

1            (1981) 453 U.S. 247 and California Government Code Section

2            818;

3    i.   whether plaintiff's arrest was lawful;

4    j.   whether Officer Wilson is entitled to immunity under state

5         law for the state causes of action;

6    k.   whether Officer Wilson acted with malicious intent in

7         arresting plaintiff;

8  **4.  Motions**

9    There are no pending motions.  BARTD may move for summary

10   judgment/summary adjudication.  Unless defendants agree to

11   stipulate, plaintiffs will bring a motion for the discovery of

12   previous claims against C. Wilson for excessive force,

13   discrimination, and denials of free speech.

14  **5.  Amendment of Pleadings**

15    No amendment of pleadings is presently contemplated by

16  defendants.

17  **6.  Evidence Preservation**

18    Defendant BARTD and Defendant WILSON will preserve any

19  evidence relevant to the issues reasonably evidenced in this

20  action.

21  **7.  Disclosures**

22  **A.  Defendants' Disclosure of Documents**

23    Defendant BARTD has provided plaintiff with a copy of the

24  Police Report and copies of photographs.  Plaintiff is seeking

25  copies of photographs mentioned in the police report.  Plaintiff

26  will also seek copies of paramedic information from the

1  paramedics called by BARTD, when BARTD discloses the names of the

2  paramedics called to the scene by BARTD. BARTD does not have that

3  information.

4  B.   Defendants' Disclosure of Witnesses

5       1.   Officer C. Wilson, BARTD Police

6       2.   Sergeant Macaulay, BARTD Police

7       3.   Officer K. Garner, BARTD Police

8       4.   BARTD Station Agent Debbie Ingram

9       5.   Officer W. Maloney, BARTD Police

10      6.   Lt. Conneely, BARTD Police

11   C.   Plaintiffs' Disclosure of Documents

12       1.   Plaintiff has disclosed copies of photographs

13       2.   Plaintiff will disclose copies of Psychology records

14       3.   Plaintiff will disclose Kaiser Records

15   D.   Witnesses

16       1.   William Odom, Plaintiff

17       2.   Roxanne Hendrix, Mother of Plaintiff

18       3.   Darius Smith 5525 McBryde Avenue, Richmond, CA Apt. 1

19            94805

20       4.   Sgt. Macaulay, BARTD Police

21       5.   Officer Maloney, BARTD Police

22       6.   Lt. Conneely, BARTD Police

23       7.   Sgt. David Chebowski, BARTD Police

24       8.   Kweli Tutashinda, 3358 DC Adeline Street, Berkeley,

25            CA

26  //

JOINT CASE MANAGEMENT STATEMENT

9.   Melvin P. Burman, Kaiser Permanente, 901 Nevin

Avenue, Richmond, CA

8.   Discovery

No discovery has taken place to date.  BARTD has just appeared, and counsel for OFFICER WILSON will appear shortly.

Defendant BARTD and defendant OFFICER WILSON propose the following discovery plan:

1.   Plaintiffs will depose Officer Wilson, BARTD, Sgt. Macaulay, Sgt. Chebowski, and Lt. Conneely.

2.   BARTD and OFFICER WILSON will take the depositions of William Odom, Roxanne Hendrix, and other percipient and expert witnesses, including Darius Smith, the treating physician at Kaiser Hospital, Richmond, Kweli Tutashinda, and John T. Rouse, the custodian of records of Kaiser Foundational Hospital, Richmond CA; additional witnesses as yet unknown to BARTD and OFFICER WILSON may be deposed as well.

3.   The parties agree that each side will depose up to ten individuals, exclusive of expert witnesses.

4.   An independent medical examination may be scheduled of plaintiff.

5.   The parties agree that a maximum number of twenty-five (25) Interrogatories by each party to any other party shall be permitted, with responses made pursuant to the Federal Rules of Civil Procedure.

6.   The parties agree that a maximum number of twenty-five

8

JOINT CASE MANAGEMENT STATEMENT

1   (25) Requests for Admission by each party to any other party

2   shall be permitted, with responses made pursuant to the Federal

3   Rules of Civil Procedure.

4        6.   Defendants request that a maximum number of five

5   Requests for Production of Documents by each party to any other

6   party shall be permitted, with responses made pursuant to the

7   Federal Rules of Civil Procedure.  This limitation would include

8   requests made as part of any deposition notice.  Plaintiff

9   requests 35 requests for documents.

10       7.   Defendants request that the total number of discovery

11  requests shall not exceed fifty-five (55), and shall be

12  propounded pursuant to the Federal Rules of Civil Procedure.

13  9.  Class Action

14       This is not a class action suit.

15  10.  Related Cases

16       There are no related cases.

17  11.  Relief

18       Plaintiff is seeking recovery of money damages for injuries

19  allegedly sustained when his Constitutional Rights were violated

20  by Officer Wilson.  He also seeks damages for violation of his

21  federal constitutional and rights under state law.  Damages

22  should be calculated, if awarded, on the basis of plaintiff's

23  injuries, which are diminimus, according to defendants.

24  Plaintiff believes his injuries are substantial.  If plaintiff

25  alleges psychological injury, damages should be restricted to

26  only those issues which plaintiff can prove up as having been

9

JOINT CASE MANAGEMENT STATEMENT

1  directly caused by the subject incident, and not broadly based

2  "need for therapy".

3  12.  Settlement and ADR

4      Defendant BARTD and defendant OFFICER WILSON are willing to

5  proceed to a Magistrate Judge for a Settlement Conference as soon

6  as such conference may be scheduled.

7  13.  Consent to Magistrate Judge For All Purposes

8      Defendant BARTD and defendant OFFICER WILSON decline to

9  consent to a Magistrate Judge to conduct all further proceedings.

10  14.  Other References

11     N.A.

12  15.  Narrowing of Issues

13     Such issues are not evident at this time, but will certainly

14  be explored through discovery and investigation.

15  16.  Expedited Schedule

16     This does not appear to be the kind of case that can be

17  handled on an expedited basis.

18  17.  Scheduling

19     Defendant BARTD and Defendant OFFICER WILSON propose the

20  following:

21     Trial Date:  February, 2009

22     Pre-Trial :  January 2009

23     Expert discovery cutoff:  November 2008

24     Discovery cutoff:   October 2008

25  18.  Trial

26  This case will be tried to a jury.

10

JOINT CASE MANAGEMENT STATEMENT

19.  Disclosure of Non-party Interested Entities or Persons

     Neither party has filed a Certification of Interested Entities or Persons, as none is yet evident.

20.  Referral to Early Settlement Discussions

     Defendant BARTD and Defendant OFFICER WILSON request referral to early settlement discussions.

DATED: February 28, 2008        EDRINGTON, SCHIRMER & MURPHY


                                By_____
                                   PETER P. EDRINGTON, ESQ.
                                   Attorneys for Defendant
                                   BAY AREA RAPID TRANSIT DISTRICT


                                LOW BALL & LYNCH


                                By_____
                                   DALE L. ALLEN, JR., ESQ.
                                   Attorneys for Defendant
                                   OFFICER C. WILSON


                                LAW OFFICES OF WAYNE JOHNSON


                                By_____
                                   WAYNE JOHNSON, ESQ.
                                   Attorney for Plaintiff

                    CASE MANAGEMENT ORDER

        The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED:  March ___, 2008


                                _____
                                THELTON E. HENDERSON
                                U.S. DISTRICT JUDGE

                            11
JOINT CASE MANAGEMENT STATEMENT

11