Wayne Johnson, SBN: 112588
Law Offices of Wayne Johnson
P.O. Box 19157
Oakland, CA 94619
(510) 451-1166

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODOM, ET AL., | CIVIL NO.: C07 04992 TEH (MEJ) |
| Plaintiff, | RESPONSE TO NOTICE OF UNAVAILABILITY |
| v. | |
| C. WILSON, et al., | DATE:<br>TIME:<br>CTRM: |
| DEFENDANTS. | |
| _____/ | |

## I.

## INTRODUCTION

Defendant's attorney, Dale Allen, Jr., has filed a Notice of Unavailability.  He cites Tenderloin Housing Clinic vs. Sparks (1992) 8 Cal.App.4th 299.

The Tenderloin case involved a party setting a matter during a time in which he had been advised opposing counsel would be on vacation or otherwise unavailable.

The court found that setting any matter, barring good cause, could result in sanctions.  Obviously, that case applies only to other attorneys and not the court.  Moreover, it only applies when there is not good cause and when the new matter is set after learning of the opposing attorney's unavailability.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       If opposing counsel is attempting to avoid appearing for the June 20, 2008, settlement conference, the appropriate pleading would appear to be a motion to continue, based upon good cause.

       In the case of a law firm as large as Low, Ball & Lynch, any of the senior associates might fill in for Dale Allen, Jr.   Furthermore, the only person who would be a necessary party would be the person or entity with authority to settle.   This is not like a pretrial conference where the trial attorneys need be present.

       The court should consider the fact that Defendants requested this settlement conference and the parties have had a difficult time scheduling this settlement conference.

DATED:  May 15, 2008              LAW OFFICES OF WAYNE JOHNSON



_____   _____

                    WAYNE JOHNSON
                    Attorney for Plaintiff