Wayne Johnson, SBN: 112588
Law Offices of Wayne Johnson
P.O. Box 19157
Oakland, CA 94619
(510) 451-1166

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODOM, ET AL., | CIVIL NO.: C07 04992 TEH |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| PLAINTIFF'S | MOTION FOR LEAVE TO FILE |
| v. | FIRST AMENDED COMPLAINT |
| C. WILSON, et al., | DATE:  September 22, 2008 |
| | TIME:. 10:00 A.M. |
| | CTRM:.12. 19th FL. |
| DEFENDANTS._____/ | |

    This motion is made to substitute the Estate of Craig Wilson for named defendant C. Wilson, who died on June 28, 2008.

    In this motion, the plaintiff makes only an academic change in parties.  Plaintiff does not purport to defendant against a motion to dismiss or any other motion.   In that regard, the only issue before the court is whether the Estate of Craig Wilson may be substituted in place and instead of C. Wilson.

    This motion is based upon Federal Rule 15(a)(2) of the Federal Rules of Court.   Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. It allows a party to "amend its pleading once as a matter of course ... before being served with a responsive

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
- 1 -

pleading...." Fed.R.Civ.P. 15(a)(1).  **Jarvis v. Regan**, 833 F.2d 149 (9th Cir. 1987.

Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at 15(a)(2). Whether justice so requires depends on the discretion of the trial court.  Accordingly, the Ninth Circuit follows a "strong policy permitting amendment," **Fuller v. Vines**, 36 F. 3d 65, 67 (9th Cir. 1994); and cautions that leave to amend should only be denied in extreme cases such as undue delay, bad faith, or dilatory motive on the part of the movant.  **Johnson v. Buckely**, 356 F.3d 1067 (9th Cir. 2004).  See *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Absent extraordinary factors, leave to amend should be "freely given."

Plaintiff contacted defendants and made an attempt to amend the complaint by stipulation; however, defendants have not agreed to stipulate to the amended complaint.

Title 42 U.S.C. § 1988 provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

The main goal is to satisfy the civil rights statute.

Pursuant to Section 815.2 of the California Government Code, "A public entity is liable for injury proximally caused by an act or omission of the  public entity's employee within the scope of his or her employment if the act or  omission would, apart from this section, have given rise to a cause of action against  that employee or his or her personal representative."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT            - 2 -

The use of the term personal representative is evidence that the California legislature envisioned the death of a public employee, and the liability of that person's estate for injuires caused by Constitutional rights violations.

Section 377.42 of the California Code of Civil of Civil Procedure provides:

> "In an action or proceeding against a decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest, on a cause of action against the decedent, all damages are recoverable that might have been recovered against the decedent had the decedent lived except damages recoverable under Section 3294 of the Civil Code or other punitive or exemplary damages."

This section authorizes a plaintiff to recover all damages from a person's estate that might have been recoverable had that person lived, except punitive damages.

However, the federal courts are not bound by the California Code of Civil Procedure insofar as it relates to punitive damages. See **Gordon v. Norman** (6th Cir. 1986) 788 F.2d 1194, at 1199. Thus, punitive damages may be awarded in § 1983 even where they would not normally be recoverable under the local law in the state where the violation occurred.

For example, in **Smith v. Wade** (1983) 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632, the Supreme Court held that punitive damages in civil rights cases could be awarded on less than malice or oppression. In that case, the Court decided that punitive damages would be appropriate when the defendant acted in reckless disregard of a plaintiff's Constitutional rights.

> "[The Constitutional] rights shall be exercised and enforced in conformity with the laws of the United States, ….so far as the same is not inconsistent with the Constitution and laws of the United States."

Denying Plaintiff punitive damages in some jurisdictions, while not others, is inconsistent with the laws of the United States.

Punitive damages have always served to set an example to all members of society. This is why the terms "punitive" and "exemplary" are typically used interchangeably by courts with respect to damages. While some states do not permit punitive damages to be awarded against a tortfeasor's estate, several have concluded there are situations in which such damages are warranted to express society's disapproval of intolerable conduct and to deter the conduct of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
- 3 -

others where no other remedy will suffice. Examples such as terrorist attacks or bombings, mass murders, and serial killings immediately come to mind, the court added, although such awards should not be limited to cases involving extreme conduct. Courts should rely on the good sense and wisdom of juries to decide which fact situations are serious enough to call for punitive awards against an estate.

The purpose of punitive damages is to punish the tort-feasor as well as a deterrence to others. See **Larson v. Wind**, N.D. Ill. 1982, 542 F.Supp. 25.

There is no better way of deterring officers who use excess force than knowledge that punitive damages may be accessed against their estate should they pre-decease their victims. From an academic or economic standpoint, there would be little difference to the estate if punitive damages are charged against the person before he or she dies or against his / her estate after death.

### Conclusion

For the foregoing reasons, Plaintiff requests that this court grant Plaintiff leave to amend his complaint.

DATED: August 11, 2008           LAW OFFICES OF WAYNE JOHNSON

_____
WAYNE JOHNSON
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT        - 4 -